NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3075
_____

CHARLES L. WILCHER,
                                             Appellant,
v.

POSTMASTER GENERAL; U.S. POSTAL SERVICE
_____

On appeal from the United States District Court
For the District of New Jersey
(Civ. No. 08-cv-02723)
District Judge: Honorable Noel L. Hillman
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 23, 2011

BEFORE: FUENTES, FISHER, NYGAARD, Circuit Judges

(Opinion Filed: August 9, 2011)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge.

     Charles Wilcher appeals from entry of summary judgment in favor of his

former employer, the United States Postal Service (the "USPS"), as to his claims

of race and gender discrimination in violation of Title VII of the Civil Rights Act

of 1964, 42 U.S.C. § 2000(e) *et seq.* For the reasons set forth below, we will

1

affirm the District Court's decision.

I.

We write solely for the parties and therefore discuss only the facts necessary to reach our decision.

Wilcher initially worked as a letter carrier for the USPS and later assumed a position as a temporary acting supervisor. While he was working as a temporary acting supervisor, the USPS received complaints from its human resources manager of misconduct by Wilcher. Among the complaints were claims that Wilcher had been paid for hours of work during which he had not been present. The USPS initiated an investigation into these claims. Upon completing the investigation, the USPS fired Wilcher, finding truth to the allegations that he committed time and attendance fraud.

Wilcher maintains that he did not commit fraud and instead alleges that he was unfairly terminated on the basis of his race (African-American) and gender (male). As evidence of disparate treatment, Wilcher points to seven other non-black male USPS employees who had disciplinary actions taken against them: (1) a white male letter carrier disciplined for drinking on the job; (2) a Hispanic male letter carrier disciplined for recording a telephone conversation without permission; (3) an African-American female letter carrier disciplined for bringing a gun to work; (4) a white male letter carrier who received several warnings before being terminated for misconduct; (5) a white male letter carrier who had a prior disciplinary action taken against him before being terminated for misconduct; (6) a

white female letter carrier disciplined for unsatisfactory attendance at a different post office location; and (7) a Hispanic female postmaster disciplined for getting paid for a day she was not at work. Wilcher claims that each of these employees was treated more favorably than him. Consequently, Wilcher filed grievances with the EEOC alleging race and gender discrimination. Having exhausted administrative remedies, Wilcher then filed this action against the USPS for race and gender discrimination in violation of Title VII.

The USPS moved for summary judgment. The District Court held that Wilcher failed to make out a prima facie case under the framework laid out in *McDonnell Douglass Corp. v. Green*, 411 U.S. 792 (1973), and further found that even if he had, the USPS proffered a legitimate nondiscriminatory reason for termination and Wilcher failed to adequately rebut that reason by proving it was really a pretext for discrimination. Accordingly, the District Court granted summary judgment in favor of the USPS. Wilcher now appeals.[1]

II.

Wilcher's discrimination claim is analyzed under the *McDonnell Douglas*

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367, and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of a grant of summary judgment. Summary judgment is appropriate where "there is no genuine issue as to any material fact" and thus "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute of material fact is a genuine issue when there is evidence sufficient to support a reasonable jury returning a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). We view the record in the light most favorable to Wilcher – the nonmoving party. *Id.*

burden-shifting framework. Under this framework, Wilcher bears the burden of presenting evidence sufficient to support a prima facie case of discrimination. 411 U.S. 792. If he establishes a prima facie case, the burden shifts to the USPS to present a legitimate, non-discriminatory reason for its actions. If the USPS offers such evidence, the burden then shifts back to Wilcher to rebut the proffered reason by demonstrating that it was a pretext for discrimination. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981).

To establish a prima facie case, Wilcher must show that (1) he is a member of a protected class, (2) an adverse employment action was taken against him, and (3) the circumstances of the adverse action give rise to an inference of discrimination. *Goosby v. Johnson & Johnson Med., Inc.*, 228 F.3d 313, 319 (3d Cir. 2000). Wilcher is African-American, which is a protected class, and the USPS fired him, which constitutes an adverse employment action. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998). The first two prongs are thereby satisfied. However, finding no evidence in the record sufficient to create an inference of discrimination, the District Court found that Wilcher failed to establish a prima facie case. Nonetheless, the Court assumed that Wilcher had established a prima facie case and went on to determine whether the USPS's termination was discriminatory. It concluded that it was not. We agree.

Like the District Court, we believe the USPS satisfied its burden at this stage by articulating that Wilcher was terminated because an internal investigation had determined that he committed fraud. *Goosby*, 228 F.3d at 319, citing *Burdine*,

4

450 U.S. at 254-56.

After the USPS presented this legitimate nondiscriminatory reason for firing Wilcher, the burden shifted back to Wilcher to prove it was a pretext for discrimination. *Goosby*, 228 F.3d at 319, citing *Reeves v. Sanderson Plumbing Products Inc.*, 530 U.S. 2097 (2000). In order to prove discriminatory pretext, Wilcher must either discredit the USPS's proffered reason, or show "that discrimination [was] more likely than not a motivating or determinative cause." *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994). That is, Wilcher must ultimately prove beyond a preponderance of the evidence that the USPS intentionally discriminated against him on account of his race and gender. However, to withstand summary judgment, Wilcher need only raise a genuine issue of fact as to whether the USPS in fact terminated him for time and attendance fraud.

Wilcher merely argues that the investigatory report was incorrect. To discredit the USPS's explanation, Wilcher must do more than argue that the decision to terminate him was wrong or mistaken. *Fuentes*, 32 F.3d at 765. Inaccuracy does not establish pretext. The issue is not whether the USPS's decision was unwise or even correct but whether the USPS unlawfully discriminated against Wilcher. *Id.* Wilcher offers no evidence to support his assertion that the USPS's reason for terminating him was pretextual. He simply claims, based on his belief that the investigative findings were wrong and that he was treated less favorably than other employees, that he was therefore terminated

5

because of his race and gender.  This does not suffice.

To establish a pretext for discrimination, Wilcher may "show that the [USPS] has previously discriminated against [him], that the [USPS] has discriminated against other persons within [his] protected class or within another protected class, or that the [USPS] has treated more favorably similarly situated persons not within the protected class." *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 645 (3d Cir. 1998).  Wilcher attempts to demonstrate pretext by arguing that other non-black male USPS employees were treated more favorably than him.  He failed to do so.  Although this court has not explicitly stated what constitutes a similarly situated employee, we accept the standard used by other circuits that to be considered similarly situated, comparator employees must be similarly situated in all relevant respects.  *Russell v. University of Toledo*, 537 F.3d 596 (6th Cir. 2008); *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259-261 (5th Cir. 2009).  A determination of whether employees are similarly situated takes into account factors such as the employees' job responsibilities, the supervisors and decision-makers, and the nature of the misconduct engaged in. *Lee*, 574 F.3d at 259-261; *Burks v. Wis. Dep't of Transp.*, 464 F.3d 744 (7th Cir. 2006).

Wilcher presented seven other USPS employees as comparators.  However, aside from the fact that none of these employees is an African-American male, none of them is similarly situated to Wilcher.  They all differ from Wilcher with respect to at least one relevant factor.  Firstly, none of them held the same position

6

as Wilcher – the record lists six letter carriers and a postmaster; Wilcher was a temporary acting supervisor at the time of the alleged misconduct. Letter carriers and postmasters do not have the same job responsibilities as temporary acting supervisors. Secondly, the six letter carriers were subjected to disciplinary action for different types of misconduct than Wilcher. And although the postmaster was disciplined for the same misconduct as Wilcher, she is nonetheless not comparable because she held a superior position and thus it was at the discretion of a different supervisor not to terminate her.

Lastly, the comparator employees are of multiple races and both genders, which does not support a claim that race and gender were motivating or determinative factors in the adverse employment actions. None of these employees qualifies as similarly situated to Wilcher, and he has offered no other proof indicating that discriminatory reasons motivated the USPS's decision to terminate him. In order to discredit the USPS, Wilcher must present evidence from which a rational jury could find the USPS's articulated reason for terminating him "unworthy of credence." *Fuentes*, 32 F.3d at 765, quoting *Ezold v. Wolf, Block, Schorr & Solis-Cohen,* 983 F.3d 509, 531 (3d Cir. 1992). In other words, Wilcher must present evidence that raises an issue of fact as to whether the USPS's proffered reason for firing him was a pretext for discrimination. Wilcher's disagreement with the USPS's decision to discharge him does not amount to evidence by which a jury could find the proffered reason implausible. He must present actual evidence that casts enough doubt on the USPS's proffered

7

reason for terminating him to support an inference that it was a pretext for discrimination. *Fuentes*, 32 F.3d at 763. There is no evidence in the record that casts such doubt. The only evidence Wilcher offers is his own bald assertion that he was fired on the basis of his race and gender. But mere allegations are not sufficient to raise a genuine issue of material fact for the purposes of defeating summary judgment. *Lexington Ins. Co. v. W. Pa. Hosp.*, 423 F.3d 318, 333 (3d Cir. 2005).

Whether the USPS was correct in finding that Wilcher committed time and attendance fraud is irrelevant. The relevant consideration is whether the USPS believed Wilcher was purposefully paid for hours he was not at work and decided to terminate him as a result. Wilcher presented no evidence to the contrary; therefore, there is nothing that could lead a rational jury to believe that the USPS terminated Wilcher for anything other than its proffered reason. The evidence is insufficient to make out a claim of gender-based discrimination for the same reasons it fails to support a race-based discrimination claim.

Because Wilcher failed to raise an issue of fact as to whether the USPS's proffered reason for terminating him was a pretext for discrimination, the evidence is inadequate to rebut the USPS's explanation and fails to defeat summary judgment.

### III.

For the foregoing reasons, we will affirm the District Court's entry of summary judgment in favor of the USPS.

8